Rev. 5/20

# United States District Court
## Middle District of Florida
### Fort Myers Division

PROVIDED TO
CHARLOTTE CI
ON 5/9/[?] FOR MAILING
[initials] CB

__CHRISTOPHER BOWDEN__

*(In the space above enter the full legal name of the plaintiff)*

-against-

__M. FROST, et al.,__
__D. EDWARDS; Ofc. John Doe #1; J. STEIDER; J. CHAVARRIA, J.D. FOSTER;__
__J. GRANT; O. ESTRADA; S. GAHRMANN; Z. DL TORO; P. KADAVY;__
__J. MARSHALL; G. HERSHEY; John Does #2-#6; J. ROBINSON__
__(Sued in their individual capacities)__

Case No. __2:21-cv-452-JLB-NPM__
(To be filled out by Clerk's Office only)

# COMPLAINT
*(Pro Se Confined Litigant)*

Jury Demand?
■ Yes
☐ No

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section IV. Do not include addresses here.)*

---

**NOTICE**

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.**

Rev. 5/20

## I. COMPLAINT

*Indicate below the federal legal basis for your claim, if known. This form is designed primarily for pro se confined litigants challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants).*

- ■ 42 U.S.C. § 1983 (state, county, or municipal defendants)

- ☐ Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) (federal defendants)

## II. PLAINTIFF INFORMATION

Bowden, Christopher, J.
Name (Last, First, MI)

Bowden / Bmiyah / Flame / Chris
Aliases

J31184
Identification #

Charlotte Correctional Institution
Place of Detention

33123 Oil Well Road
Institutional Address

Charlotte, Punta Gorda          Florida          33955
County, City                    State            Zip Code

## III. STATUS

*Indicate whether you are a prisoner or other confined person as follows:*

- ☐ Pretrial detainee
- ☐ Civilly committed detainee
- ☐ Immigration detainee
- ■ Convicted and sentenced state prisoner
- ☐ Convicted and sentenced federal prisoner

Rev. 5/20

## IV. DEFENDANT(S) INFORMATION

*Please list the following information for each defendant. If the correct information is not provided, it could result in the delay or prevention of service. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.*

Defendant 1: __Frost, M__
Name (Last, First)

__Corrections Ofc. - Captain__
Current Job Title

__Charlotte C.I. 33123 Oil Well Rd__
Current Work Address

__Charlotte, Punta Gorda__    __Florida__    __33955__
County, City                State            Zip Code


Defendant 2: __Edwards, D.__
Name (Last, First)

__Corrections Ofc. - Sergeant__
Current Job Title

__Charlotte C.I. 33123 Oil Well Rd__
Current Work Address

__Charlotte, Punta Gorda__    __Florida__    __33955__
County, City                State            Zip Code

Rev. 5/20

## Defendant(s) Continued

Defendant 3: __Streider, J__
Name (Last, First)

__Corrections Officer__
Current Job Title

__Charlotte C.I., 33123 Oil Well Rd__
Current Work Address

__Charlotte, Punta Gorda__     __Florida__     __33955__
County, City                State           Zip Code


Defendant 4: __Chavarria, J__
Name (Last, First)

__Corrections Officer - Supervisor__
Current Job Title

__Charlotte C.I., 33123 Oil Well Rd__
Current Work Address

__Charlotte, Punta Gorda__     __Florida__     __33955__
County, City                State           Zip Code


[Additional Defendants Must Be Listed on a Separate Sheet Titled Section IV]

Defendant(s) Continued

Defendant 5: Foster, J
Name

Corrections officer - Supervisor
Current Job Title

Charlotte C.I., 33123 Oil Well Rd
Current Work Address

Charlotte, Punta Gorda       Florida        33955
County, City                 State          Zip Code


Defendant 6: Grant, J
Name

Corrections Officer - Sergeant
Current Job Title

Charlotte C.I., 33123 Oil Well Rd
Current Work Address

Charlotte, Punta Gorda       Florida        33955
County, City                 State          Zip Code

Defendant(s) Continued

Defendant 7: Estrada, O
Name

Corrections Officer
Current Job Title

Charlotte C.I, 33123 Oil Well Rd
Current Work Address

Charlotte, Punta Gorda    Florida    33955
County, City              State      Zip Code


Defendant 8: Gahrmann, S
Name

Corrections Officer - Captain
Current Job Title

Charlotte C.I. 33123 Oil Well Rd
Current Work Address

Charlotte, Punta Gorda    Florida    33955
County, City              State      Zip Code

Defendant(s) Continued

Defendant 9: Otoro, Z.
Name

Corrections Officer-Supervisor
Current Job Title

Charlotte C.I., 33123 Oil Well Rd
Current Work Address

Charlotte, Punta Gorda    Florida    33955
County, City              State      Zip Code


Defendant 10: Kadavy, P.
Name

Corrections Officer-Supervisor
Current Job Title

Charlotte C.I., 33123 Oil Well Rd
Current Work Address

Charlotte, Punta Gorda    Florida    33955
County, City              State      Zip Code

Defendant(s) Continued

Defendant 11: Marshall, J
Name

Corrections Officer
Current Job Title

Charlotte C.I. 33123 Oil Well Rd
Current Work Address

Charlotte, Punta Gorda | Florida | 33955
County, City | State | Zip Code


Defendant 12: Hathaway, G
Name

Corrections Officer- Supervisor
Current Job Title

Charlotte C.I. 33123 Oil Well Rd.
Current Work Address

Charlotte, Punta Gorda | Florida | 33955
County, City | State | Zip Code

Defendant(s) Continued

Defendant 13:  Robinson, J.
Name

Colonel
Current Job Title

Charlotte C.I., 33123 Oil Well Rd.
Current Work Address

Charlotte, Punta Gorda          Fl          33955
County, City                    State       Zip Code


Defendant 14:  Ofc. John Doe #1
Name

Corrections Officer - Camera Operator
Current Job Title

Charlotte C.I. 33123 Oil Well Rd.
Current Job Address

Charlotte, Punta Gorda          Florida     33955
County, City                    State       Zip Code

Defendant(s) Continued

Defendant 15: John Doe #2
Name

Corrections Officer - EXTRACTION TEAM (A SHIFT)
Current Job Title

Charlotte C.I. 33123 Oil Well Rd
Current Work Address

Charlotte, Punta Gorda       Florida       33955
County, City                 State         Zip Code


Defendant 16: John Doe #3
Name

Corrections Officer - EXTRACTION TEAM (A SHIFT)
Current Job Title

Charlotte C.I. 33123 Oil Well Rd
Current Work Address

Charlotte, Punta Gorda       Florida       33955
County, City                 State         Zip Code

Defendant(s) Continued

Defendant 17: John Doe #4
Name

Corrections Officer - Extraction Team (A SHIFT)
Current Job Title

Charlotte C.I. 33123 Oil Well Rd
Current Work Address

Charlotte, Punta Gorda        Florida        33955
County, City                  State          Zip Code


Defendant 18: John Doe #5
Name

Corrections Officer - Extraction Team (A SHIFT)
Current Job Title

Charlotte C.I. 33123 Oil Well Rd
Current Work Address

Charlotte, Punta Gorda        Florida        33955
County, City                  State          Zip Code

Defendant(s) Continued

Defendant 19: John Doe #6
Name

Corrections Officer (A SHIFT)
Current Job Title

Charlotte C.I. 33123 Oil Well Rd
Current Job Address

Charlotte, Punta Gorda          Florida          33955
County, City                    State            Zip Code

Rev. 5/20

## V. STATEMENT OF CLAIM

Place(s) of occurrence: Charlotte C.I.; 33123 Oil Well Road, Punta Gorda, Florida 33955; Gulf Dorm; Quad-3 [G3]; Quad-1 [G1]; Y-Dorm [Y1-102][Y1].

Date(s) of occurrence: 3/1/21 – 3/11/21

State which of your federal constitutional or federal statutory rights have been violated:

- The actions of defendants FROST, EDWARDS, JOHN DOE #1, STELDER, CHAVARRIA, FOSTER, GRANT, ESTRADA, GAHRMANN, DITORO, KADAVY, MARSHALL, HIRSCHY, ROBINSON, JOHN DOE #2, JOHN DOE #3, JOHN DOE #4, JOHN DOE #5, and JOHN DOE #6 in using physical, excessive, and/or unnecessary force, and/or without need or provocation, and/or failing to intervene as demonstrated in the section "FACTS" was done maliciously and sadistically constituting cruel and unusual punishment in violation of the 8th Amendment to the United States Constitution.

- The actions of FROST, DITORO, HIRSCHY, MARSHALL, and JOHN DOE #6 in using chemical agent(s) or by being the proximate cause of such force (actual or in principle) against plaintiff without need or provocation were the torts of assault and battery under Florida law.

- The actions of defendants FROST, CHAVARRIA, FOSTER, GRANT, GAHRMANN, DITORO, KADAVY, MARSHALL, HIRSCHY and ROBINSON in their failure to curb the acts of abuse described herein was deliberate indifference to plaintiff's safety and contributed to or proximately caused the 8th Amendment Constitutional violation(s) and tort(s)

12 of 20

of assault and battery under Florida law.

- The actions of defendant(s) MARSHALL, GRANT, JOHN DOE #2, JOHN DOE #3, JOHN DOE #4 and JOHN DOE #5 in using physical force against plaintiff without need or provocation was excessive and were the tort(s) of assault and battery, respectively under Florida law.
- Employees of the Florida Department of Corrections @ the Charlotte C.I. are proximately responsible for the dangerous condition that caused plaintiff's fall and injuries. The FDOC are liable for the alleged active negligence of Charlotte C.I. employees as Charlotte C.I. is an FDOC premises that plaintiff fell and became injured @ in their failure to exercise reasonable care in maintenance, inspection, repair, or warning and is negligence under Florida law.
- Agents or employees of the FDOC @ Charlotte C.I. allowed or caused a dangerous condition to exist and that the condition existed long enough for Charlotte C.I. employees to have forseen the condition was an open and obvious danger and is negligence under Florida law.

14 of 21

state herein briefly the FACTS that support your case. Describe how each defendant was personally involved in the alleged wrongful actions, state whether you were physically injured as a result of those actions, and if so, state your injury and what medical attention was provided to you. All facts shall be set forth in separately numbered paragraphs. See Fed. R. Civ. P. 10(b).

1. On 3/1/21, Plaintiff and his roommate Lamarquis Powell #Q24814 were denied their dinner bags by Sgt. Edwards and Ofc. Steider. Specifically, @ appox 4:10pm Ofc. Steider approached G3104 and made a homosexual advance, stating "Okay boys let's see those lollipops". Rebuffed by Plaintiff and Powell, Steider slammed G3104's food portal and proceeded to G3105, not feeding G3104. When Plaintiff threatened to grieve the matter, Ofc. Steider became enraged and snatched a tray out of the G3105 food portal, slinging it to the ground before coming back to G3104 stating "If I can't get what I want fuck you and your food". Plaintiff verbally promised to grieve the incident and call the fixed wing audio/surveillance to support him.

2. At approx. 4:27, Ofc. Steider approached G3104 and promised to "get" plaintiff when he came to work on 3/2/21. Plaintiff merely promised to "write his ass up too".

3. At approx 4:32 pm Sgt. Edwards approached G3104 with two CFO/RDP dinner bags stating "Here's your bags fall back or else". Plaintiff expressed the officer had disrespected him and he would grieve the matter. Sgt. Edwards walked away from the door.

4. Several moments elapsed before another unidentified sergeant approached G3104 inquiring if Plaintiff had an issue. Plaintiff related the above noted incident. Plaintiff observered additional Charlotte C.I. staff enter G-3 carrying a grey tub containing water and chemical agents submerged therein.

5. Lt. Kadavy and Lt. Cheverria entered G3 and approached 3104 under the pretext that Plaintiff was being disorderly and creating a disturbance. Plaintiff had done no such thing. After making his statement, Lt. Kadavy ordered me to sit down, to which I complied.

6. The hand held camera recorded me sitting at the table in 3104 writhing. After about 10-15 minutes Lt. Kadavy called Plaintiff to the door to administer a final warning before he and the additional staff departed the area.

7. Pursuant to F.A.C. 33-208.002(8) plaintiff filed a grievance of Sgt Edwards and Ofc. Steider on 3/2/21 respectively, to Security @ Charlotte C.I.

8. On 3/2/21 Ofc. Y. Garcia delivered plaintiff legal mail that named individual officers employed at the Charlotte C.I. as defendants, to wit: J. MONTALVO; Z. OTERO; P. KADAVY; L. DIAZ-SOTO; J. CHEVERRIA; and, E. NESBETT. [See M.D. Fla. Ft. Myers Div. Case # 2:21-cv155-JLB-MRM]

9. On 3/2/21 @ approx 8:05 am Sgt. Edwards violated F.A.C. 33-601.800(14)b, when he approached G3104 alone, opened the cell door without the presence of a second officer, and removed plaintiff from the cell, hands cuffed in front of him. After performing a perfunctionary pat down of plaintiff, the two men proceeded approx. seven steps when plaintiff lost his footing in a puddle of transient substance and fell to the ground.

10. There was no "WET FLOOR" or "CAUTION" notices erected in G3 @ the time plaintiff fell. [F.S. 768.0755]

15 OF 20

11. Sgt. Edwards became enraged and forcefully jumped on plaintiff, rolling him onto his stomach, pressing his knee into Plaintiff's spine and exerting his full body weight on Plaintiff's unresisting prone body. Sgt. Edwards placed a hand on Plaintiff's neck, impeding his oxygen intake.

12. Stating he was in pain and to prevent further choking from Sgt. Edwards, Plaintiff attempted to reposition himself when Sgt. Edwards unprovokedly began punching Plaintiff repeatedly with closed fists in and about the facial area. [A violation of F.A.C. 33-208.002 (8) and (14)]

13. Lt. P. Kadavy entered G-3 and observed the acts of abuse on Plaintiff by Sgt. Edwards but failed to intervene.

14. Additional Charlotte C.I. staff arrived and observing Plaintiff attempting to seperate himself from Sgt. Edwards and proceeded to help Sgt. Edwards attack Plaintiff.

15. Plaintiff being physically assaulted by multiple officers was in extreme fear for his safety and resisted this unlawful use of force on his person.

16. Eventually Captain M. Frost, Captain S. Gahrmann and Col. Robinson arrived on the scene with additional staff and Plaintiff was placed in leg irons and strapped to a restraint chair.

17. Plaintiff was taken to the G-dorm medical triage and glanced at by nurse V. Miller, who recorded obvious signs of trauma on the Plaintiff's person.

18. Plaintiff received a split laceration on his right brow, a black right eye, a laceration across the nose, multiple lacerations inside his mouth, a laceration on his bottom lip, bruised ribs, and multiple scrapes on his wrists from the excessively tight handcuffs.

19. Plaintiff, outraged at the acts of abuse mentioned herin began to verbally disrespect the officers and attempted to spit in their general direction.

20. Entering G-1, Plaintiff was placed cell front G1108. Multiple officers at this time began crowding around Plaintiff blocking the camera, while several officers punched plaintiff in the face.

21. Lt. Foster was presently holding Plaintiff's head and attempting to apply a spit shield on Plaintiff. He observed officers strike Plaintiff but failed to intervene. Ofc. O. Estrada was present as well, yet failed to intervene.

22. Lt. J. Cheverria was present and observed these acts of abuse but did not intervene.

23. After approx. 20 min, Col. Robinson ordered an extraction team to escort Plaintiff to Y-Dorm.

24. Entering Y1-102, the extraction team unstrapped Plaintiff from the escort chair. Several members of the extraction team struck Plaintiff with closed fists.

25. Leaving Plaintiff in Y1-102 with a waist chain and handcuffs, a Sgt Grant stated, "Run it and you'll be good", before leaving the cell.

26. Plaintiff unchained himself before addressing the extraction team and officers outside his cell, stating: "Now y'all done beat me in cuffs - bring y'all stupid asses back on in here and come get this shit".

27. Plaintiff hit the convex shield with the chain and was overwhelmed by the extraction team.

28. Plaintiff relinquished the weapon and the extraction team continued to beat on him along the head, back, and body.

29. After the team left, Plaintiff proceeded to smoke a cigarette. Ignoring multiple orders to "put that out" Captain Frost told Lt. Ditoro to spray Plaintiff w/ chemical agents.

30. Plaintiff was not being disorderly.

31. Lt. Ditoro confiscated Plaintiff's religious chain.

32. Upon being taken to a post use of force decontamination, Lt. Ditoro attempted to smother Plaintiff in a spit hood, to which Plaintiff proceeded to tear off his head. At this time Ofc. J. Marshall punched Plaintiff in the right side face several times causing a laceration on the right side of Plaintiff's face.

33. Plaintiff was not given a proper decontamination shower.

34. Plaintiff was placed back in Y1-102. The cell had not been decontaminated and Plaintiff complained of this but was subsequently ignored by Charlotte C.I. staff.

35. On the order(s) of Captain M. Frost, Captain S. Gahrman, and Lieutenant Z. Ditoro; from the date(s) of 3/2/21 thru 3/7/21 Ydorm officers @ the Charlotte C.I. deprived Plaintiff of all state issued and personal property, legal papers, bedding, linens, food, and health and comfort items. (Specifically Charlotte C.I. gave Plaintiff "air trays" @ meal times.) [A violation of F.A.C. 33-208.002 (8)]

36. From 3/2/21 thru 3/7/21 Plaintiff was forced to sleep in a chemical agent contaminated cell on the concrete floor in only boxer shorts. [It should be noted Ydorm is climate controlled].

37. On 3/5/21, Plaintiff submitted four (4) grievances: (1) Emergency grievance to the Central Office of the Florida Department of Corrections; (1) Formal 303 to the Warden of Charlotte C.I.; (1) Informal Grievance to Security related to the 3/2/21 incident w/ Sgt. Edwards (See # ___ of the Complaint), and (1) formal 303 alleging sexual misconduct by Ofc. J. Marshall.

38. On 3/11/21 @ approx 5:37am, Plaintiff questioned Ofc. J. Marshall of his knowledge of F.A.C. [Florida Administrative Code] policy and procedure regarding Close Management status inmates. [F.A.C. Ch. 33-601.800] causing Ofc. Marshall to admit his ignorance in the presence of the entire Y1. Ofc. Marshall became enraged, denying Plaintiff his meal, threatening him and using profanity in violation of F.A.C. 33-208.002 (8).

39. Plaintiff impassionately expressed he had no issue w/ Ofc. Marshall.

40. @ approx 6:00 an Ofc. Perrine approached Y1-102 and inquired if Plaintiff "would cuff up". Plaintiff responded in the affirmative, before Ofc. Perrine walked off.

41. @ approx 6:38 Sgt. J. Grant, Ofc. J. Marshall and Lieutenant G. Hirschy approached Y1-102 and ordered Plaintiff to submit to handcuffs, to which plaintiff complied. (See 601.800(14)b) The officers placed Plaintiff in the Y1 shower.

42. For over twenty minutes Plaintiff begged the officers to leave him alone, stating he wanted no trouble and was not being an issue. Plaintiff's pleas for mercy were met w/ mockery

from Ofc. J. Marshall who performed a spraying motion with his right hand while subsequently mouthing to Plaintiff the words "Gas" and "Loaf". Otherwise, Plaintiff's pleas fell on deaf ears.

43. @ no time was Plaintiff causing any disturbance(s) or being disorderly.

44. Lieutenant Hirschy perpetrated a falsified incident in order to use force against Plaintiff in violation of F.A.C. 33-208.002(8)(12) and (14)(19).

45. Captain M. Frost entered Y-dorm and Plaintiff tried to request a dialogue but was ignored.

46. On handheld camera Lt. Hirschy and Ofc. Marshall ordered Plaintiff to submit to a strip search, to which he complied. Plaintiff, not wishing to place his bare feet on the shower floor attempted to give Ofc. Marshall one croc @ a time to search — in compliance with the order, when Captain Frost ordered John Doe #6 to "Spray three (3) one (1) second bursts". (Referring to chemical agents) [F.A.C. 33-208.002(8) and (14)(19)].

47. After being sprayed, the officers retreated into the Y-dorm officer station leaving Plaintiff to stew in the shower for about 20 min. Plaintiff stripped entirely naked.

48. Plaintiff was removed from the Y-1 shower and taken to Y-2 shower for a five minute decontamination shower. Captain Frost ordered the shower off. Plaintiff verbally stated "I still got gas on me" and demonstrated this fact by using the white towel and wiping his back showed the chemical agent on the towel to the camera.

49. After a brief post use of force exam / sick call visit, plaintiff was placed back in Y1-102.

50. Ofc. Marshall placed Plaintiff on "strip", simply to be cruel to him. [33-208.002(8)(12)(19)].

51. Ofc. Marshall placed Plaintiff on a Management Meal. [33-208.002(12)(19)].

52. During the hour of 8 am – 10am Ofc. Marshall cut the water in Y1-102 off, after he witnessed Plaintiff actively attempting to clean his body of the burning effects of the OC spray. [33-208.002(8)].

53. @ approx 10:30 am during ICT inspection Warden Snider of Charlotte C.I. observed Plaintiff standing at attention in the nude w/ nothing in his room. Inquiring of the situation, Plaintiff attempted to explain but subsequently was cut off as Warden Snider attempted to give justification to the plethora of civil rights violations described within the body of this Complaint. Seeing the self-righteousness of the conversation, Plaintiff changed tact, remembering King Solomon's words in Proverbs 15:1, simply explained the situation stated in #52 of this Complaint to Warden Snider.

54. Warden Snider directed Sergeant J. Grant to issue Plaintiff health and comfort items, a clean pair of boxer shorts (as he witnessed the ones Plaintiff had in his possession covered in orange chemical agent) and to turn the water in Y1-102 back on.

55. @ approx 10:33 am Ofc. J. Marshall will be depicted on Y1 fixed wing surveillance opening Y1-102's pipe chase to cut back on the water he intentionally shut off and bring Plaintiff a clean pair of underwear.

56. Ofc. Marshall proceeded to feed plaintiff "air trays" the rest of the day.

57. Based on falsified reports Plaintiff was deprived of all state issued and personal property and forced to sleep on concrete in boxers for 72 hours. [Violation of 33-208.002(8) and (12)(19)].

58. On 3/15/21 Plaintiff submitted a plethora of informal and formal grievances to the Warden of Charlotte C.I. and "Security" related to the incidents described herein.

59. On 3/23/21 Plaintiff filed another grievance to the Secretary of the Florida Dept. Of Corrections exhausting his administrative remedy w/ respect to the allegations made herein.

60. On 4/27/21, pursuant to F.S. 768.28 (6), Plaintiff submitted a "Notice Of Intent" to the Florida Dept. of Financial Services @ 201 E. Gaines Street, Tallahassee, FL 32399-0300.

61. Since these incidents Plaintiff has suffered acute and chronic pain, muscle spasms, cracked and peeling skin. Y1-102 is contaminated with chemical agent residue causing Plaintiff's skin to burn and make it difficult to breathe. Plaintiff now suffers constant bad headaches and paranoia. [Plaintiff is an S-3 grade prisoner proscribed psychotrophic medication by the Florida Department of Corrections in the treatment of mental illness] Plaintiff avers anytime he sees a high ranking official @ Charlotte C.I. he feels he will be "gassed" or adversely affected.

62. Plaintiff recieved over ten (10) disciplinary reports in retaliation to the events described herein.

## VI. ADMINISTRATIVE PROCEDURES

*WARNING:* **Prisoners** *must exhaust administrative procedures before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). Your case may be dismissed if you have not exhausted your administrative remedies.*

## VII. RELIEF

*State briefly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.*

WHEREFORE, Plaintiff requests that this Honorable Court grant the following relief:

A. Issue a declaratory judgement stating that:

1. The physical abuse of the plaintiff violated his rights under the 8th Amnd. to the U.S. Const. and was assault and battery under Florida law.

2. Defendant(s) failure to take action and curb the physical abuse of a prisoner violated plaintiff's rights under the 8th Amnd. to the U.S. Const.

3. Charlotte C.I. and/or FDOC had a duty to maintain its premises in a reasonably safe condition and failed to do so at the time of the occurance described in the body of the Complaint.

B. Award Compensatory damages (Jointly and Severally) against all listed Defendant(s).

C. Award Punitive damages (Jointly and Severally) against all listed Defendant(s)

D. Any other relief it may appear Plaintiff is entitled.

## VIII. LITIGANT'S LITIGATION HISTORY

Number each different lawsuit below and include the following:

- Name of case (including defendants' names), court, and docket number
- Nature of claim made
- How did it end? (For example, if it was dismissed, appealed, or is still pending, explain below.)

1. Bowden v. Stokely, et al.; 3:12-cv-652-UAMH-JRK
   Middle District of Florida, Jacksonville Division
   Excessive Force in violation of the 8th Amend.
   Settlement - dismissed

2. Bowden v. Kreinheder, et al.; 3:15-cv-89-HES-JRK
   Middle District of Florida, Jacksonville Division
   Excessive Force in violation of the 8th Amend.
   Dismissed for failure to provide proof of service

3. Bowden v. Kreinheder, et al.; 3:16-cv-01501-BJD-JBT
   Middle District of Florida, Jacksonville Division
   Excessive Force in violation of the 8th Amend.
   Settlement - dismissed

4. Bowden v. Kossie, et al.; 3:18-cv-329-MCR-CJK
   Northern District of Florida, Pensacola Division
   Excessive Force in violation of the 8th Amend.
   Dismissed for failure to provide proof of service.

5. Bowden v. Dunlap, et al.; 3:19-cv-906-MMH-JRK
   Middle District of Florida, Jacksonville Division
   Excessive Force in violation of the 8th Amend.
   Settlement - dismissed

6. Bowden v. Williams, et al.; 2019-CA-5532
   4th Judicial Circuit, Duval County, Fla., CV-F
   Negligence
   Settlement - dismissed

7. Bowden v. Kossie, et al.; 3:20-cv-116-MCR-EMT
   Northern District of Florida, Pensacola Division
   Excessive Force in violation of the 8th Amend.
   Dismissed for failure to disclose

8. Bowden v. Kossie, et al.; 3:20-cv-5355-LC-EMT
   Northern District of Florida, Pensacola Division
   Excessive Force in violation of the 8th Amend.
   Still pending

9. Bowden v. Camacho, et al.; 3:21-cv-27-MMH-PDB
   Middle District of Florida, Jacksonville Division
   Excessive Force in violation of the 8th Amend.
   Still pending

10. Bowden v. Montalvo, et al; 2:21-cv-155-JLB-MRM
    Middle District of Florida, Fort Myers Division
    Excessive Force in violation of the 8th Amend.
    Still pending

Rev. 5/20

## IX. PLAINTIFF'S DECLARATION AND WARNING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. **I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.**

*Plaintiff must sign and date the complaint and provide prison identification number and prison address.*

_____4/30/21_____                    _____Christopher Bowden_____
Dated                                   Plaintiff's Signature

_____Bowden, Christopher, J._____
Printed Name (Last, First, MI)

_____J31184_____
Identification #

| Charlotte Corr. Inst. | Punta Gorda | Florida | 33955 |
|---|---|---|---|
| Institutional Name | City | State | Zip Code |

\* I DECLARE UNDER PENALTY OF PERJURY THE FOREGOING FACTS ARE TRUE AND CORRECT.